IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Aleksander Poparic, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.  08 CV 3491 |
| | ) | |
| Lincoln Square Video, et al | ) | |
| | ) | Judge  Charles P. Kocoras |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Srpska Tradicija, Ltd. | ) | |
| | ) | |
| Counterclaim/Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| Aleksander Poparic, | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MMN Media, Inc. | ) | |
| | ) | |
| Third Party Defendant. | ) | |

## SRPSKA TRADICIJA, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO

## COMPLAINT, COUNTERCLAIMS AND THIRD PARTY CLAIMS

Defendant Srpska Tradicija, Ltd. ("STL") answers as follows to the Complaint of

Aleksander Poparic ("Poparic"):

1. This is an action for preliminary and permanent injunctive relief as well as

damages arising out of copyright infringement in violation of The Copyright Act of 1976,

17 U.S.C. §101, et seq.; and for unfair competition arising under the common law of the State of Illinois and 15 U.S.C. § 1125(a).

**ANSWER:**   STL is without sufficient information to either admit or deny the allegations of paragraph 1 of the Complaint, and therefore denies the same and demands strict proof thereof.

2. The Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, 1337, 1338 and 1367.

**ANSWER:**   STL admits that this Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1338.   The remaining allegations of paragraph 2 of the Complaint are denied.

3. Venue in this action is properly within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of the events which give rise to Plaintiffs claims occurred in this District.

**ANSWER:**   STL admits that venue is proper in this Court pursuant to 28 U.S.C. §1391(b).  The remaining allegations of paragraph 3 of the Complaint are denied.

## THE PARTIES

4. Plaintiff ALEKSANDER POPARIC (hereinafter "Poparic") is an individual residing in the County of Los Angeles, State of California. Poparic is an entertainment industry executive who owns two entertainment companies, MNN Media, Inc. (hereinafter "MNN") and RobnaKuca.com.

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 4 of the Complaint, and therefore denies the same and demands strict proof thereof.

5. Plaintiff is informed and believes and thereon alleges that Defendant, LINCOLN SQUARE VIDEO, a business entity of unknown origin (hereinafter "Lincoln"), is a business entity of unknown origin, with its principal place of business located in the County of Cook, State of Illinois.

**ANSWER:**    STL admits that LINCOLN SQUARE VIDEO has its principal place of business in the County of Cook, State of Illinois.    The remaining allegations of paragraph 5 of the Complaint are denied.

6. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto, that Defendant NIHAD NEZIC (hereinafter "Nezic"), is an individual who resides in the County of Cook, State of Illinois. Plaintiff is informed and believes and thereon alleges that Nezic is an owner of Lincoln, and Nezic, along with ANITA KOSTIC and DUSKO VUKMIROVIC operate and control same.

**ANSWER:**    STL admits that NIHAD NEZIC is an owner of LINCOLN SQUARE VIDEO. The remaining allegations of paragraph 6 of the Complaint are denied.

7. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto, Defendant ANITA KOSTIC,(hereinafter "Kostic"), is an individual who resides in the County of Cook, State of Illinois. Plaintiff is informed and believes and thereon

alleges that Kostic is an owner of Lincoln, and Kostic, Nezic and DUSKO VUKMIROVIC operates and controls same.

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 7 of the Complaint, and therefore denies the same and demands strict proof thereof.


   8. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto, that Defendant DUSKO VUKMIROVIC (hereinafter "Vukmirovic"), is an individual who resides in the County of Cook, State of Illinois. Plaintiff is informed and believes and thereon alleges that Kostic is an owner of Lincoln, and Kostic, Nezic and Vukmirovic operate and control same.

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 8 of the Complaint, and therefore denies the same and demands strict proof thereof.


   9. Plaintiff is informed and believes and thereon alleges that Defendant, LADYBUG BOOKSTORE, INC., an Illinois corporation (hereinafter "Ladybug"), is a corporation organized and existing pursuant to the laws of the state of Illinois, with its principal place of business located in the County of Cook, State of Illinois.

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 9 of the Complaint, and therefore denies the same and demands strict proof thereof.

10. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto, that Defendant BOSNA VIDEO ("Bosna") is a business of unknown origin with its principal place of business located in the County of Cook, State of Illinois.

**ANSWER:**    STL admits that BOSNA VIDEO has its principal place of business in the County of Cook, State of Illinois.   The remaining allegations of paragraph 10 of the Complaint are denied.

11. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto, that Defendant RASIM SILAHIC,(hereinafter "Silahic"), is an individual who resides in the County of Cook, State of Illinois. Plaintiff is informed and believes and thereon alleges that Silahic, is an the owner of Bosna who operates and controls same.

**ANSWER:**    STL admits that RASIM SILAHIC is an owners of BOSNA VIDEO.   The remaining allegations of paragraph 11 of the Complaint are denied.

12. Plaintiff is informed and believes and thereon alleges that Defendant, SRPSKA TRADICIJA, LTD, an Illinois corporation(hereinafter "Srpska"), is a corporation organized and existing pursuant to the laws of the state of Illinois, with its principal place of business located in the County of Cook, State of Illinois.

**ANSWER:**    STL admits the allegations of paragraph 12 of the Complaint.

13. Plaintiff is informed and believes and thereon alleges that Defendant, DSD DELICATESSEN, INC., an Illinois corporation (hereinafter "DSD"), is a corporation

organized and existing pursuant to the laws of the state of Illinois, with its principal place of business located in the County of Cook, State of Illinois.

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 13 of the Complaint, and therefore denies the same and demands strict proof thereof.


14. Plaintiff is informed and believes and thereon alleges that Defendant, BELRADA (hereinafter "Belrada"), a business entity of unknown origin has its principal place of business located in the County of Cook, State of Illinois.

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 14 of the Complaint, and therefore denies the same and demands strict proof thereof.


15. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto, that Defendant FLOBODANKA KECMAN,(hereinafter "Kecman"), is an individual who resides in the County of Cook, State of Illinois.  Plaintiff is informed and believes and thereon alleges that Kecman the owner of Belrada who operates and controls same.

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 15 of the Complaint, and therefore denies the same and demands strict proof thereof.

16. Plaintiff is informed and believes and thereon alleges that Defendant, V.A.M.D., INC. an Illinois corporation dba HARCZAK'S SAUSAGE (hereinafter "Harczak"), is a corporation organized and existing pursuant to the laws of the state of Illinois, with its principal place of business located in the County of Cook, State of Illinois.

**ANSWER:**     STL admits the allegations of paragraph 16 of the Complaint.


17. Plaintiff is informed and believes and thereon alleges that Defendant, TASTE OF EUROPE, LLC, an Indiana corporation(hereinafter "Taste"), is a corporation organized and existing pursuant to the laws of the state of Indiana, with its principal place of business located in the County of Lake, State of Illinois. Plaintiff is informed and believes and thereon alleges that Taste maintains systematic and continuous contacts with the State of Illinois, thereby subjecting it to general jurisdiction here.

**ANSWER:**     STL is without sufficient information to either admit or deny the allegations of paragraph 17 of the Complaint, and therefore denies the same and demands strict proof thereof.


18. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto, each of the Defendants, including those named herein as DOES, are the agents, representatives, servants and employees of the remaining Defendants, and that all of the acts herein alleged were done in the course and scope of such agency and employment. Plaintiff is further informed and believes, and thereon alleges, that

each of the Defendants is legally responsible for the events that happened referred to herein, and have proximately caused Plaintiffs damages hereinafter alleged.

**ANSWER:**  STL denies the allegations of paragraph 18 of the Complaint and demands strict proof thereof.


## FACTS COMMON TO ALL CAUSES OF ACTION

19. Plaintiff is informed and believes and thereon alleges that Centar Film (hereinafter "Centar") was the original owner of the copyrights to seventy-one (71) motion pictures (hereinafter "copyrighted works") which were produced in Yugoslavia. A true and correct copy of the Centar Film Program, which is a list of the copyrighted works, is attached hereto as Exhibit "A" and incorporated herein by reference as though fully set forth.

**ANSWER:**   STL is without sufficient information to either admit or deny the allegations of paragraph 19 of the Complaint, and therefore denies the same and demands strict proof thereof.


20. Plaintiff is informed and believes and thereon alleges that Centar sold all right, title and interest copyrights to the copyrighted works to a company called ZMEX.

**ANSWER:**   STL is without sufficient information to either admit or deny the allegations of paragraph 20 of the Complaint, and therefore denies the same and demands strict proof thereof.

21. On or about October 20, 2004, for valuable consideration received, ZMEX assigned all right, ownership, title and interest in and to the copyrights in the copyrighted works to Poparic, for the territories of the United States and Canada. A true and correct copy of said assignment of copyrights is attached hereto as Exhibit "B" and incorporated herein by reference as though fully set forth herein.

**ANSWER:**   STL is without sufficient information to either admit or deny the allegations of paragraph 21 of the Complaint, and therefore denies the same and demands strict proof thereof.

22. From or about January 28, 2005 through October 12, 2005, Poparic caused the copyrights to the subject motion pictures to be registered with the United States Copyright Office, and was issued the Certificates of Registration bearing the following titles and registration numbers:

| Copyrighted Work of Art | Registration No. |
| --- | --- |
| Drugi Covek | 1-292-396 |
| Dnevnik Uvreda | 1-292-397 |
| Plasticni Isus | 1-292-398 |
| Varljivo Leto 68 | 1-292-399 |
| Virdzina | 1-292-400 |
| Tri Karte Za Holivud | 1-292-401 |
| Suton | 1-292-402 |
| Boj Na Kosovu | 1-292-403 |
| Maratonci Trce Pocasni Kl1lg | 1-292-406 |

| | |
|---|---|
| Miris Poljskog Cveca | 1-292-407 |
| Nacionalna Klasa | 1-292-408 |
| Neka Druga Zena | 1-292-409 |
| Nesto Izmeoju | 1-292-410 |
| Ambasador Je Ubijen U Stokholmu | 1-292-411 |
| I Bog Stvori Kafansku Pevacicu | 1-292-412 |
| Bosko Buha | 1-292-413 |
| Brat Dolctora Homera | 1-292-414 |
| Budenje Pacova | 1-292-415 |
| Crevno Usijanje | 1-292-416 |
| Cuvar Plaze U Zimskom Periodu | 1-292-417 |
| Davitelj Protiv Davitelja | 1-292-418 |
| DB Zatvara Krug | 1-292-419 |
| Decak I Violina | 1-292-420 |
| Devojacki Most | 1-292-421 |
| Devojka Sa Kosmaja | 1-292-422 |
| Hasanaginica | 1-292-423 |
| Idemo Dalje | 1-292-424 |
| Igmanski Mars | 1-292-425 |
| Kad Budem Mrtav I Beo | 1-292-426 |
| Klsa | 1-292-427 |
| Ko To Trono Peva | 1-292-A28 |
| Koraci Kroz Maglu | 1-292-429 |

| | |
|---|---|
| KravaBajka | 1-292-430 |
| Kosava | 1-292-430 |
| LagerNis | 1-292-432 |
| Leptirov Oblak | 1-292-433 |
| Noz | 1-292-434 |
| Opasan Trag | 1-292-435 |
| Operacija Beograd | 1-292-436 |
| Pokojn.iku Sve Najlepse | 1-292-437 |
| Pas Koji Je Voleo Vozove | 1-292-438 |
| Pavle Pavlovic | 1-292-439 |
| Petrijin Venae | 1-292-440 |
| Paviljon VI | 1-292-441 |
| Poseban Tretman | 1-292-442 |
| Poslednja Oaza | 1-292-443 |
| Protiv Kinga | 1-292-444 |
| Pusti Snovi | 1-292-445 |
| Sarajevski Atentat | 1-292-446 |
| Silom Otac | 1-292-447 |
| Siroma Sam Al Sam Besan | 1-292-448 |
| Specijalno Vaspitanje | 1-292-449 |
| Suncokreti | 1-292-450 |
| Svet Koji Nestaje | 1-292-451 |
| Tajvanska Kanasta | 1-292-452 |

| | |
|---|---|
| Vuk Sa Prokletija | 1-292-453 |
| Zaseda | 1-292-454 |
| Zemaljski Dani Teku | 1-292-455 |
| Zuta | 1-292-456 |
| Divlje Senke | 1-293-750 |
| Za Sada Bez Dobrog Naslova | 1-293-751 |
| Dervis I Smrt | 1-293-752 |
| Nemimi | 1-293-753 |
| Poslednja Trka | 1-293-754 |
| Dani Od Snova | 1-293-755 |
| Opklada | 1-293-756 |
| Erogena Zona | 1-296-907 |

True and correct copies of all of said Certificates of Registration are attached hereto as Exhibit "e" and incorporated herein by reference as though fully set forth. Four (4) of the copyrighted works have been filed with the U.S. Copyright Office, and are in the process of being registered.

**ANSWER:**   STL is without sufficient information to either admit or deny the allegations of paragraph 22 of the Complaint, and therefore denies the same and demands strict proof thereof.

23. Poparic then commenced production of DVDs of the subject motion pictures for wholesale distribution in the United States and Canada.

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 23 of the Complaint, and therefore denies the same and demands strict proof thereof.

24. From October 20, 2004 to the present, Poparic has invested hundreds of thousands of dollars of his own money for the acquisition the assignments of the copyrighted works, the registration of same with the United States Copyright Office and the production of the DVDs for wholesale distribution. Poparic has expended said monies in an attempt to bring the copyrighted works to the markets of the United States and Canada, and to create high quality DVD's of the copyrighted works) so that they can be enjoyed by the Yugoslavian population in the United States and Canada.

**ANSWER:**    STL denies the allegations of paragraph 24 of the Complaint and demands strict proof thereof.

25. Plaintiff is informed and believes and thereon alleges that beginning at a time unknown to Plaintiff, and continuing to the present, Defendants, and each of them, have engaged in repeated illegal and improper acts of copyright infringement with respect to all ofthe copyrighted works.. These illegal acts include, but are not limited to:(a) the unauthorized reproduction of the copyrighted works in DVD and VHS format (hereinafter "illegal copies)'); (b) the unauthorized distribution of illegal copies of the copyrighted works; (c) the unauthorized reproduction of the packaging on DVD and VHS boxes for the copyrighted works; (d) the unauthorized distribution of the packaging on the DVD

and VHS boxes of copyrighted works; and (e) the unauthorized sale of illegal copies of the copyrighted works.

**ANSWER:**   STL denies the allegations of paragraph 25 of the Complaint and demands strict proof thereof.


26. At no time has Plaintiff authorized any of the Defendants to reproduce, adapt, distribute, sell or perform illegal copies or unauthorized copies of the copyrighted works.

**ANSWER:**   STL denies the allegations of paragraph 26 of the Complaint and demands strict proof thereof.


27. On January 9,2008, a third party purchaser who was shopping in Lincoln's store, saw that many of the Copyrighted Works of Art as set forth in Paragraph 22 above were on sale. Lincoln, and its owner Nezic, then and there sold two unauthorized copies Copyrighted Works of Art to said third party purchaser- Ko To Tamo Peva (1-292-428) and Maratonci Trce Pocasni KIug (1-292-406) to Plaintiffs agent.

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 27 of the Complaint, and therefore denies the same and demands strict proof thereof.


28. On January 9, 2008, a third party purchaser who was shopping in DSD's store, reported that he saw that many of the Copyrighted Works of Art as set forth in Paragraph 22 above were on sale. DSD, then and there sold one unauthorized copy of

a Copyrighted Work of Art to said third party purchaser- Nacionalna Klasa (1-292-408) to said third party.

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 28 of the Complaint, and therefore denies the same and demands strict proof thereof.

29. On January 10, 2008, a third party purchaser who was shopping in Ladybug's store, saw that many of the Copyrighted Works of Art as set forth in Paragraph 22 above were all sale. Ladybug, then and there, sold one unauthorized copy of a Copyrighted Works of Art to said third party purchaser- Boj Na Kosovu (1-292-403).

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 29 of the Complaint, and therefore denies the same and demands strict proof thereof.

30. On January 10, 2008, a third party purchaser who was shopping in Bosna's store, saw that many of the Copyrighted Works of Art as set forth in Paragraph 22 above were on sale. Bosna, then and there, sold three unauthorized copies of Copyrighted Works of Art to said third party purchaser- Ko To Tamo Peva (1-292-428), Lepotka Poroka, Maratonci Trce Pocansi Krug (1-292-406) and Bosko Buha (1-292-413).

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 30 of the Complaint, and therefore denies the same and demands strict proof thereof.

31. On January 10, 2008, a third party purchaser who was shopping in Srpska's store, saw that many of the Copyrighted Works of Art as set forth in Paragraph 22 above were on sale. Srpska, then and there, sold two unauthorized copies of Copyrighted Works of Art to said third party purchaser- Decak I Violina( 1-292-420) and Davitelj Protiv Davitelja (1-292-418).

**ANSWER:**  STL denies the allegations of paragraph 31 of the Complaint and demands strict proof thereof.


32. On January 10, 2008, a third party purchaser ·who was shopping in Belarada's store, saw that many of the Copyrighted Works of Art as set forth in Paragraph 22 above were on sale. Belarada and its owner Kecman, then and there, sold two unauthorized copies of Copyrighted Works of Alt to said third party purchaser- Maratonci Trce Poeansi Krug (l-292-406)and Kad Budem Mrtav I Beo (1-292-426).

**ANSWER:**   STL is without sufficient information to either admit or deny the allegations of paragraph 32 of the Complaint, and therefore denies the same and demands strict proof thereof.


33. On January 10, 2008, a third party purchaser who was shopping in Harczak's store, saw that many of the Copyrighted Works of Art as set forth in Paragraph 22 above were on sale. Harczak, then and there, sold two unauthorized copies of Copyrighted Works of Art to said third party purchaser- Varljivo Leta '68 (1-292-399) and Igmanski Mars (1-292-425).

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 33 of the Complaint, and therefore denies the same and demands strict proof thereof.

34. On January 10, 2008, a third party purchaser who was shopping in Taste's store, saw that many of the Copyrighted Works of Art as set forth in Paragraph 22 above were on sale. Taste, then and there, sold one unauthorized copy of Copyrighted Works of Art to said third party purchaser-Petrijin Venac (1-292-440) and Igmanski Mars (1-292-425).

**ANSWER:**    STL is without sufficient information to either admit or deny the allegations of paragraph 34 of the Complaint, and therefore denies the same and demands strict proof thereof.

35. Plaintiff is informed and believes and thereon alleges that each defendant has illegally reproduced, sold and displayed many other of the Copyrighted Works, not merely those which were purchased as set forth above.

**ANSWER:**    STL denies the allegations of paragraph 35 of the Complaint and demands strict proof thereof.

## FIRST CAUSE OF ACTION FOR RELIEF

### (Copyright Infringement-17 U. S. C. Section 501 et seq.)

36. Plaintiff incorporates paragraphs 1 through 35, inclusive, as though fully set forth at this place.

**ANSWER:** STL hereby incorporates its responses herein to the incorporated paragraphs of the Complaint.

37. At all times material hereto, Poparic has been the owner of all right, title, and interest to each of the copyrights to copyrighted works, as well as the artwork on the boxes of the DVD and VHS recordings containing the copyrighted works in the territories of the United States and Canada.

**ANSWER:** STL denies the allegations of paragraph 37 of the Complaint and demands strict proof thereof.

38. Each of Poparic's copyrighted works consist of material which is wholly original and each is copyrighted subject matter under the laws of the United States.

**ANSWER:** STL denies the allegations of paragraph 38 of the Complaint and demands strict proof thereof.

39. Poparic alleges upon information and belief that each of the Defendants are liable for direct, contributory and/or vicarious infringement of Poparic's copyrights.

**ANSWER:** STL denies the allegations of paragraph 39 of the Complaint and demands strict proof thereof.

40. Plaintiff is informed and believes and thereon alleges that by reason of Defendants', and each of their infringement and threatened infringement, Plaintiff has

sustained and will continue to sustain substantial injury, loss and damage to his ownership rights in the copyrighted works.

**ANSWER:**    STL denies the allegations of paragraph 40 of the Complaint and demands strict proof thereof.

41. Further, irreparable harm to Plaintiff is imminent as a result of Defendants', and each of their, conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, and each of them, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of copyright infringement.

**ANSWER:**    STL denies the allegations of paragraph 41 of the Complaint and demands strict proof thereof.

42. Plaintiff is further entitled to recover from defendant the damages sustained by Plaintiff as a result of Defendants', and each of their, acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage he has suffered by reason of Defendants', and each of their, copyright infringement, but Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendants have obtained such gains and profits and advantages in an amount exceeding $2,000,000.00. In the alternative, Plaintiff may elect to be recover statutory damages.

**ANSWER:**    STL denies the allegations of paragraph 42 of the Complaint and demands strict proof thereof.

### SECOND CAUSE OF ACTION FOR RELIEF

### (Statutory and Common Law Unfair Competition and 15 U.S.C. § 1125(a)

### against Defendants, and each of them.)

55. Poparic realleges and incorporates herein by reference each every allegation of paragraphs 1 through 35 and 36 through 41 above, as though fully set forth at this place.

**ANSWER:**   STL hereby incorporates its responses herein to the incorporated paragraphs of the Complaint.


28. The aforementioned acts of Defendants', and each of them, constitutes an unfair business practice under and unfair competition under statutory and common law and 15 U.S.C. § 1125(a).

**ANSWER:**   STL denies the allegations of the second instance of paragraph 28 of the Complaint and demands strict proof thereof.


29. As a direct and proximate result of Defendants, and each of their, wrongful acts, Plaintiff has suffered, and will continue to suffer, lost profits, damages to its business reputation and goodwill. Defendants will continue, unless restrained, to infringe upon the copyrighted works, and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law, and Plaintiff is entitled to an injunction restraining Defendants~ their officers, agents, employees, representatives and all

persons acting in concert with them, from engaging in further acts of unfair competition and unfair business practices.

**ANSWER:**     STL denies the allegations of the second instance of paragraph 29 of the Complaint and demands strict proof thereof.


30. Plaintiff is further entitled to recover a disgorgement of all of Defendants', and each of their, profits as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered as a result of Defendants' acts of unfair competition.

**ANSWER:**     STL denies the allegations of the second instance of paragraph 30 of the Complaint and demands strict proof thereof.


## AFFIRMATIVE AND OTHER DEFENSES

STL denies all allegations of alleged wrongdoing by it and further denies all allegations which otherwise have not been expressly admitted in this Answer. Additionally, STL asserts the following affirmative defenses.  STL does not assume the burden of proof on these defenses where substantive law provides otherwise.

1.     Plaintiff's claims fail to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by the doctrine of unclean hands.

3.     Plaintiff's claims are barred by breach of contract.

4.     Plaintiff's claims are barred by the first sale doctrine of copyright law.

WHEREFORE, STL respectfully prays that judgment be entered in its favor and

against Plaintiff and that it be awarded the costs of this suit, and such other relief as this Court deems just and proper.

## **COUNTERCLAIMS AND THIRD PARTY CLAIMS**

Defendant/Counterclaim Plaintiff and Third Party Plaintiff, Srpska Tradicija, Ltd. ("STL"), by and through its attorneys, complains of the Plaintiff/Counterclaim Defendant Aleksander Poparic ("Poparic") and Third Party Defendant MMN Media, Inc. ("MMN"), and in support thereof alleges as follows:

### **Nature of Action**

1.     This is a Complaint for unfair competition in violation of the Lanham Act under 15 U.S.C. § 1125, and violations of the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Trade Practices Act, and Illinois common law unfair competition.

### **The Parties**

2.     Counterclaim and Third Party Plaintiff Srpska Tradicija, Ltd. (hereinafter "STL") is a corporation organized under the laws of Illinois with its principal place of business located at 3615 W. Lawrence Avenue, Chicago, Illinois.  STL operates a store known as "Serbian Tradition" or "Srpska Tradicija", and is in the business of wholesale audio/video sales to third party distributors/resellers and retail audio/video sales to retail purchasers, such audio/video products including CDs, DVDs, audio cassettes, and

other media products having Serbian, Croatian, Bosnian, and Macedonian (and other territories of the former Yugoslavia) audio-video programming thereon.

3.    Upon information and belief, Defendant MNN Media, Inc. (hereinafter "MNN") is a corporation organized under the laws of California with its principal place of business located at 9903 Santa Monica Blvd., Suite 149, Beverly Hills, California 90212.    Poparic is the registered agent for service of process of MNN.    Upon information and belief, MNN is qualified to transact business, and is currently transacting business, in Illinois and in this district.    Upon information and belief, MNN operates the website www.RobnaKuca.com through which it sells and distributes throughout the United States (and in this district) CDs, DVDs, and other media products having Serbian, Croatian, Bosnian, and Macedonian (and other territories of the former Yugoslavia) audio-video programming thereon.

4.    Upon information and belief, Defendant Aleksander Poparic (hereinafter "Poparic") is an individual who resides in California.    Upon information and belief, Poparic is the president, a principal, an owner, and an officer/director of MNN.    At all times relevant hereto, Poparic did authorize, direct, participate in, and were moving forces behind the acts of MNN and www.RobnaKuca.com constituting unfair competition, deceptive trade practices and infringement as described herein.

### Jurisdiction and Venue

5.    This Court has exclusive subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).    This

Court has jurisdiction over Plaintiff's related common law and state claims under 28 U.S.C. § 1338 and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

6.     Upon information and belief, all of the Counterclaim and Third Party Defendants are and have in the past conducted business in Illinois, and in this Judicial District as discussed in more detail herein.  All of the Counterclaim and Third Party Defendants regularly transacts business in Illinois and in this district.   Requiring Counterclaim and Third Party Defendants to respond to this action will not violate due process.  Counterclaim and Third Party Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, and Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1400(a) and 28 U.S.C. §1391(b) and (c).


**Plaintiff's Products**

8.     Counterclaim and Third Party Plaintiff re-alleges paragraphs 1 – 7 as if fully stated herein.

9.     Counterclaim and Third Party Plaintiff is, and at all relevant times was, engaged in selling and distributing audio and video products in the form of CDs, DVDs, cassettes and other media products (collectively "media products").  Among the media products STL sells and distributes are products recorded, produced and imported by the following companies and entities, which are hereinafter collectively referred to as "the Media Producers":

a. RTS-PGP (Radio Television of Serbia)
   Kneza Viseslava No. 86
   Belgrade
   Serbia

b. CITY RECORDS
   Neznanog junaka 1,
   Belgrade, Serbia

c. RENOME
   Loznicka 5
   Bijeljina
   Bosnia and Hercegovina

d. NP-MUSIC
   UL.DR.FETAHA BECIRBEGOVICA 25
   Sarajevo
   Bosnia and Hercegovina

e. HI-FI CENTAR DOO
   Laze Dokica 1
   Belgrade
   Serbia

f. NINA TRADE
   Gornjopoljska 2
   Surcin, Belgrade 11271
   Serbia

10.    All of the above listed Media Producers are recording and media companies located in Serbia, Bosnia, and the former Yugoslavia.

11.    STL has contracted with each of the Media Producers to be the exclusive authorized distributor in the United States and Canada of media products imported by the Media Producers.  STL has entered into Distribution Agreements with each of the Media Producers, has received the right to enforce and police unauthorized distributions thereunder within the United States, and has expended monies in obtaining and maintaining such exclusive rights.

**Defendants' Activities**

12.    Plaintiff re-alleges paragraphs 1 – 1 as if fully stated herein.

13.    Upon information and belief, each of the Counterclaim and Third Party Defendants, and their respective officers, employees and agents, have in the past and presently continue to sell, offer for sale, distribute, and market counterfeit media products which resemble (but are not) the authentic media products of the Media Producers distributed by STL under exclusive license.  Upon information and belief, each of the Counterclaim and Third Party Defendants manufactures, copies, or employs third parties to manufacture or copy such counterfeit media products, with the specific intent, knowledge and effort that such counterfeit media products resemble the authentic media products distributed by STL.

14.    The counterfeit media products sold by Counterclaim and Third Party Defendants include media products copied on inferior quality media (CDs, DVDs, and cassettes) and bear inferior quality counterfeit labels, packaging, and indicia improperly and illegally associating the counterfeit media products with STL and the Media Producers, when such products are in fact not so associated.

15.    Upon information and belief, each of the Counterclaim and Third Party Defendants' counterfeiting activities is and was knowing and willful, and performed with a conscious disregard of STL's rights.

16.    Each Counterclaim and Third Party Defendants' copying and counterfeiting activities occurred after STL commenced its authorized sales of the

authentic media products, and has continued despite notice from STL and repeated demands that such counterfeit activities cease and desist.

17.    Neither STL nor any of the Media Producers have ever authorized or condoned use, copying, imitation, or manufacture of the authentic media products.

18.    Counterclaim and Third Party Defendants' counterfeit media products are confusingly similar to STL's authentic media products and have created confusion, mistake and deception in the market place as to the affiliation, connection or association of Defendants' goods with STL and the Media Producers.

### Count I:  Violation of Section 1125(a) of the Lanham Act

19.    Counterclaim and Third Party Plaintiff re-alleges paragraphs 1 – 18 as if fully stated herein.

20.    Counterclaim and Third Party Plaintiff hereby alleges that the acts attributable to the Counterclaim and Third Party Defendants and described herein constitute federal unfair competition in violation of Section 1125(a) of the Lanham Act. 15 U.S.C. § 1125(a).

21.    Counterclaim and Third Party Defendants' sale, distribution, and offering for sale counterfeit media products constitutes a false designation of origin, description and representation in interstate commerce, in violation of STL's rights in distributing authentic media products.  Counterclaim and Third Party Defendants' counterfeit media products wrongfully and falsely designate, describe or represent STL's goods, causing confusion, mistake and deception as to the affiliation, connection, or association of Counterclaim and Third Party Defendants' counterfeit media products with STL and/or

the Media Producers, or as to the sponsorship or approval of said goods by STL and/or the Media Producers.

## Count II:  Common Law Unfair Competition

22.    Counterclaim and Third Party Plaintiff re-alleges paragraphs 1 – 21 as if fully stated herein.

23.    Counterclaim and Third Party Plaintiff hereby alleges that the acts attributable to the Counterclaim and Third Party Defendants and described herein constitute Illinois state common law unfair competition.

24.    As a result of their actions as pleaded herein, Counterclaim and Third Party Defendants have misappropriated valuable property rights of STL, are trading on the goodwill symbolized by STL's authorized media products, are likely to cause and continue to cause confusion and to deceive members of the relevant public.  By virtue of the aforementioned acts, Counterclaim and Third Party Defendants engaged in unfair competition with respect to STL in violation of the common law of unfair competition of the State of Illinois.

## Count III:  Illinois Uniform Deceptive Trade Practices Act

25.    Counterclaim and Third Party Plaintiff re-alleges paragraphs 1 – 24 as if fully stated herein.

26.    Counterclaim and Third Party Plaintiff hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et. seq.

27.     Counterclaim and Third Party Defendants' aforesaid business and counterfeiting activities cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation or connection of Counterclaim and Third Party Defendants' counterfeit media products inasmuch as they give rise to the incorrect belief that Counterclaim and Third Party Defendants' counterfeit media products have some connection with STL and/or the Media Producers, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

### Count IV:  Illinois Consumer Fraud and Deceptive Trade Practices Act

28.     Counterclaim and Third Party Plaintiff re-alleges paragraphs 1 – 36 as if fully stated herein.

29.     Counterclaim and Third Party Plaintiff hereby alleges violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 et. seq.

30.     The aforesaid conduct by Counterclaim and Third Party Defendants implicates consumer protection concerns, including *inter* alia, by deceiving consumers and other members of the public, including people who might otherwise consider doing business with and making purchases of authentic products from STL.

31.     Such deceptive conduct constitutes violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

32.     Pursuant to 815 ILCS 505/10a and /10c, STL is entitled to recover its actual damages as well as costs and attorneys' fees.

33.     The conduct of Counterclaim and Third Party Defendants complained of herein is outrageous and such acts, upon information and belief, were performed with

malice, evil motive, or reckless indifference toward rights of STL, consumers, and others.  As a direct result thereof, STL is entitled to an award of punitive damages pursuant to the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

34.    Pursuant to 815 ILCS 510/3 STL is entitled to injunctive relief against Counterclaim and Third Party Defendants to enjoin present and future deceptive conduct, as well as for an award of STL's costs and attorneys' fees.

35.    Counterclaim and Third Party Defendants' aforesaid business and counterfeiting activities cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation or connection of Counterclaim and Third Party Defendants' counterfeit media products inasmuch as they give rise to the incorrect belief that Counterclaim and Third Party Defendants' counterfeit media products have some connection with STL and/or the Media Producers, in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1.

### **Prayer for Relief**

WHEREFORE, Counterclaim and Third Party Plaintiff STL requests the following:

1.    That the Counterclaim and Third Party Defendants, and their respective officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, be preliminarily and permanently enjoined from:

> A.  directly or indirectly reproducing, manufacturing, displaying, advertising, promoting, selling or offering for sale, or otherwise distributing counterfeit media products or any other work or item that is substantially similar to STL's authentic media products;
> B.  doing any other act or thing likely to induce the mistaken belief that Counterclaim and Third Party Defendants' goods or services are in any way affiliated, connected, or associated with STL and/or the Media

Producers, or their authentic media products, or doing any other act or thing likely to cause confusion or dilution with respect to STL's authentic media products; and

C. unfairly competing with STL in any manner whatsoever.

2. That the Counterclaim and Third Party Defendants be ordered to destroy all counterfeit media products in their possession, custody or control, and that Counterclaim and Third Party Defendants recall from all of their distributors, suppliers, and agents all counterfeit media products in their possession, custody or control, and that such be destroyed.

3. That the US Marshal be ordered to seize and destroy all counterfeit media products in the possession, custody or control of the Counterclaim and Third Party Defendants, or their distributors, suppliers and agents.

4. That Counterclaim and Third Party Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

A. all profits received by Counterclaim and Third Party Defendants from sales and revenues of any kind in connection with the counterfeit media products;

B. all damages sustained by Counterclaim and Third Party Plaintiff as a result of Counterclaim and Third Party Defendants' acts of unfair competition, deceptive trade practices and violation of the common law of Illinois and that such damages be trebled; and

C. punitive damages in an amount sufficient to punish Counterclaim and Third Party Defendants for their willful, wanton, and reckless behavior and to deter future such behavior by Counterclaim and Third Party Defendants and others.

5. That the Counterclaim and Third Party Defendants be ordered to compensate Counterclaim and Third Party Plaintiff in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion created as a result of Counterclaim and Third Party Defendants' unlawful actions.

6. That, pursuant to 15 U.S.C. § 1116, the Counterclaim and Third Party Defendants be directed to file with the Court and serve upon Counterclaim and Third Party Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Counterclaim and Third Party Defendants have complied with the injunction.

7.     That Counterclaim and Third Party Plaintiff be awarded its attorneys fees and costs, and pre-judgment and post-judgment interest.

8.     That Counterclaim and Third Party Plaintiff have such other and further relief as this Court may deem just.

### Jury Demand

Plaintiff demands a jury trial on all issues so triable.


Dated: July 30, 2008                     Respectfully Submitted, on behalf of
                                         Defendant and Counterclaim/Third Party
                                         Plaintiff Srpska Tradicija, Ltd.



                                         By:   /s/ Vladimir I. Arezina
                                         Vladimir I. Arezina,
                                         One of Its Attorneys

Plaintiff's Attorneys:
Vladimir I. Arezina
Carmen B. Patti
Patti, Hewitt & Arezina LLC
One North LaSalle Street, Suite 4400
Chicago, IL 60602
Phone: 312-346-2800
Fax: 312-346-2810
varezina@phalegal.com

## CERTIFICATE OF SERVICE

Vladimir I. Arezina, an attorney, certifies that on Wednesday, July 30, 2008, he caused the foregoing **SRPSKA TRADICIJA, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS AND THIRD PARTY CLAIMS** to be filed electronically, and to be served on the following persons by the Court's electronic filing system to all ECF registered parties indicated on the electronic filing receipt, and by U.S. Mail postage prepaid:

> David N. Tarlow, Esq.
> Coggan & Tarlow
> 1925 Century Park East
> Suite 2320
> Los Angeles, CA 90067
> Counsel for Plaintiff/Counterclaim Defendant
> Aleksander Poparic

> Kimberly A. Carr, Esq.
> Erin Buck Kaiser, Esq.
> Best, Vanderlaan & Harrington
> 25 E. Washington St.
> Suite 210
> Chicago, Illinois  60602
> Counsel for Plaintiff/Counterclaim Defendant
> Aleksander Poparic

> /s/ Vladimir I. Arezina
> Vladimir I. Arezina (6276348)
> Patti, Hewitt & Arezina LLC
> One North LaSalle Street, Suite 4400
> Chicago, IL 60602
> Phone: 312-346-2800
> Fax: 312-346-2810
> Email:  varezina@phalegal.com