

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEKSANDER POPARIC, individually, | ) | Case No. 08CV3491 |
| | ) | |
| Plaintiff, | ) | **Judge Charles P. Kocoras** |
| | ) | |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| LINCOLN SQUARE VIDEO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SRPSKA TRADICIJA, LTD., | ) | |
| | ) | |
| Counterclaim/Third Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEKSANDER POPARIC, | ) | |
| | ) | |
| Counterclaim Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MNN MEDIA, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |

FILED
AUG 19 2008
AUG 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**ALEKSANDER POPARIC and MNN MEDIA, INC.'s ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS AND THIRD PARTY CLAIMS.**

Counterclaim and Third Party Defendants ALEKSANDER POPARIC and MNN

1

MEDIA, INC. (hereinafter collectively "MNN") answer the Counterclaims and Third Party Claims of SRPSKA TRADICIJA, LTD. as follows:

## Nature of Action

1. This is a Complaint for unfair competition in violation of the Lanham Act under 15 U.S.C. § 1125, and violations of the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Trade Practices Act, and Illinois common law unfair competition.

**ANSWER:** MNN is without sufficient information to either admit or deny the allegations of paragraph 1 of the Counterclaims and Third Party Claims, and therefore denies the same and demands strict proof thereof.

## The Parties

2. Counterclaim and Third Party Plaintiff Srpska Tradicija, Ltd. (hereinafter "STL") is a corporation organized under the laws of Illinois with its principal place of business located at 3615 W. Lawrence Avenue, Chicago, Illinois. STL operates a store known as "Serbian Tradition" or "Srpska Tradicija", and is in the business of wholesale audio/video sales to third party distributors/resellers and retail audio/video sales to retail purchasers, such audio/video products including CDs, DVDs, audio cassettes, and other media products having Serbian, Croatian, Bosnian, and Macedonian (and other territories of the former Yugoslavia) audio-video programming thereon.

**ANSWER:** MNN is without sufficient information to either admit or deny the allegations of paragraph 2 of the Counterclaims and Third Party Claims, and therefore denies the same and demands strict proof thereof.

3.      Upon information and belief, Defendant MNN Media, Inc. (hereinafter "MNN") is a corporation organized under the laws of California with its principal place of business located at 9903 Santa Monica Blvd., Suite 149, Beverly Hills, California 90212. Poparic is the registered agent for service of process of MNN. Upon information and belief, MNN is qualified to transact business, and is currently transacting business, in Illinois and in this district. Upon information and belief, MNN operates the website www.RobnaKuca.com through which it sells and distributes throughout the United States (and in this district) CDs, DVDs, and other media products having Serbian, Croatian, Bosnian, and Macedonian (and other territories of the former Yugoslavia) audio-video programming thereon.

**ANSWER:**   MNN admits the allegations set forth in Paragraph 3 of the Counterclaims and Third Party Claims.

4.      Upon information and belief, Defendant Aleksander Poparic (hereinafter "Poparic") is an individual who resides in California. Upon information and belief, Poparic is the president, a principal, an owner, and an officer/director of MNN. At all times relevant hereto, Poparic did authorize, direct, participate in, and were moving forces behind the acts of MNN and www.RobnaKuca.com constituting unfair competition, deceptive trade practices and infringement as described herein.

**ANSWER:**   MNN denies all of the allegations set forth in Paragraph 4 of the Counterclaims and Third Party Claims, except admits that Aleksander Poparic is the president, a principal, an owner, and an officer/director of MNN who resides in California.

### Jurisdiction and Venue

5.      This Court has exclusive subject matter jurisdiction over Plaintiff's federal claims

pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court has jurisdiction over Plaintiff's related common law and state claims under 28 U.S.C. § 1338 and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

**ANSWER:** MNN is without sufficient information to either admit or deny the allegations of paragraph 5 of the Counterclaims and Third Party Claims, and therefore denies the same and demands strict proof thereof.

6. Upon information and belief, all of the Counterclaim and Third Party Defendants are and have in the past conducted business in Illinois, and in this Judicial District as discussed in more detail herein. All of the Counterclaim and Third Party Defendants regularly transacts business in Illinois and in this district. Requiring Counterclaim and Third Party Defendants to respond to this action will not violate due process. Counterclaim and Third Party Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, and Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure.

**ANSWER:** MNN is without sufficient information to either admit or deny the allegations of paragraph 6 of the Counterclaims and Third Party Claims, and therefore denies the same and demands strict proof thereof.

7. Venue is proper in this judicial district under 28 U.S.C. § 1400(a) and 28 U.S.C. §1391(b) and (c).

**ANSWER:** MNN is without sufficient information to either admit or deny the allegations of paragraph 7 of the Counterclaims and Third Party Claims, and therefore denies the same and demands strict proof thereof.

### Plaintiff's Products

8. Counterclaim and Third Party Plaintiff re-alleges paragraphs 1-7 as if fully stated herein.

**ANSWER:** MNN hereby incorporates its responses herein to the incorporated paragraphs of the Counterclaims and Third Party Claims.

9. Counterclaim and Third Party Plaintiff is, and at all relevant times was, engaged in selling and distributing audio and video products in the form of CDs, DVDs, cassettes and other media products (collectively "media products"). Among the media products STL sells and distributes are products recorded, produced and imported by the following companies and entities, which are hereinafter collectively referred to as "the Media Producers":

    a.    RTS-PGP (Radio Television of Serbia)
            Kneza Viseslava No. 86
            Belgrade
            Serbia

    b.    CITY RECORDS
            Neznanog junaka 1
            Belgrade, Serbia

    c.    RENOME
            Loznicka 5
            Bijeljina
            Bosnia and Hercegovina

    d.    NP-MUSIC
            UL.DR.FETAHA BECIRBEGOVICA 25
            Sarajevo
            Bosnia and Hercegovina

    e.    HI-FI CENTAR DOO
            Laze Dokica 1
            Belgrade
            Serbia

  f.  NINA TRADE
    Gornjopoljska 2
    Surcin, Belgrade 11271
    Serbia

**ANSWER:** MNN is without sufficient information to either admit or deny the allegations of paragraph 9 of the Counterclaims and Third Party Claims, and therefore denies the same and demands strict proof thereof.

  10. All of the above listed Media Producers are recording and media companies located in Serbia, Bosnia, and the former Yugoslavia.

**ANSWER:** MNN admits the allegations set forth in paragraph 10 of the Counterclaims and Third Party Claims.

  11. STL has contracted with each of the Media Producers to be the exclusive authorized distributor in the United States and Canada of media products imported by the Media Producers. STL has entered into Distribution Agreements with each of the Media Producers, has received the right to enforce and police unauthorized distributions thereunder within the United States, and has expended monies in obtaining and maintaining such exclusive rights.

**ANSWER:** MNN is without sufficient information to either admit or deny the allegations of paragraph 11 of the Counterclaims and Third Party Claims, and therefore denies the same and demands strict proof thereof.

### Defendants' Activities

  12. Plaintiff re-alleges paragraphs 1 -1 as if fully stated herein.

**ANSWER:** MNN hereby incorporates its responses herein to the incorporated paragraphs of

the Counterclaims and Third Party Claims.

13. Upon information and belief, each of the Counterclaim and Third Party Defendants, and their respective officers, employees and agents, have in the past and presently continue to sell, offer for sale, distribute, and market counterfeit media products which resemble (but are not) the authentic media products of the Media Producers distributed by STL under exclusive license. Upon information and belief, each of the Counterclaim and Third Party Defendants manufactures, copies, or employs third parties to manufacture or copy such counterfeit media products, with the specific intent, knowledge and effort that such counterfeit media products resemble the authentic media products distributed by STL.

**ANSWER:** MNN denies the allegations set forth in paragraph 13 of the Counterclaims and Third Party Claims.

14. The counterfeit media products sold by Counterclaim and Third Party Defendants include media products copied on inferior quality media (CDs, DVDs, and cassettes) and bear inferior quality counterfeit labels, packaging, and indicia improperly and illegally associating the counterfeit media products with STL and the Media Producers, when such products are in fact not so associated.

**ANSWER:** MNN denies the allegations set forth in paragraph 14 of the Counterclaims and Third Party Claims.

15. Upon information and belief, each of the Counterclaim and Third Party Defendants' counterfeiting activities is and was knowing and willful, and performed with a conscious disregard of STL's rights.

**ANSWER:** MNN denies the allegations set forth in paragraph 15 of the Counterclaims and

Third Party Claims.

16. Each Counterclaim and Third Party Defendants' copying and counterfeiting activities occurred after STL commenced its authorized sales of the authentic media products, and has continued despite notice from STL and repeated demands that such counterfeit activities cease and desist.

**ANSWER:** MNN denies the allegations set forth in paragraph 16 of the Counterclaims and Third Party Claims.

17. Neither STL nor any of the Media Producers have ever authorized or condoned use, copying, imitation, or manufacture of the authentic media products.

**ANSWER:** MNN is without sufficient information to either admit or deny the allegations of paragraph 17 of the Counterclaims and Third Party Claims, and therefore denies the same and demands strict proof thereof.

18. Counterclaim and Third Party Defendants' counterfeit media products are confusingly similar to STL's authentic media products and have created confusion, mistake and deception in the market place as to the affiliation, connection or association of Defendants' goods with STL and the Media Producers.

**ANSWER:** MNN denies the allegations set forth in paragraph 18 of the Counterclaims and Third Party Claims.

### Count I: Violation of Section 1125(a) of the Lanham Act

19. Counterclaim and Third Party Plaintiff re-alleges paragraphs 1-18 as if fully stated herein.

**ANSWER:** MNN hereby incorporates its responses herein to the incorporated paragraphs of

the Counterclaims and Third Party Claims.

20. Counterclaim and Third Party Plaintiff hereby alleges that the acts attributable to the Counterclaim and Third Party Defendants and described herein constitute federal unfair competition in violation of Section 1125(a) of the Lanham Act. 15 U.S.C. § 1125(a).

**ANSWER:** MNN denies the allegations set forth in paragraph 20 of the Counterclaims and Third Party Claims.

21. Counterclaim and Third Party Defendants' sale, distribution, and offering for sale counterfeit media products constitutes a false designation of origin, description and representation in interstate commerce, in violation of STL's rights in distributing authentic media products. Counterclaim and Third Party Defendants' counterfeit media products wrongfully and falsely designate, describe or represent STL's goods, causing confusion, mistake and deception as to the affiliation, connection, or association of Counterclaim and Third Party Defendants' counterfeit media products with STL and/or the Media Producers, or as to the sponsorship or approval of said goods by STL and/or the Media Producers.

**ANSWER:** MNN denies the allegations set forth in paragraph 21 of the Counterclaims and Third Party Claims.

### Count II: Common Law Unfair Competition

22. Counterclaim and Third Party Plaintiff re-alleges paragraphs 1-21 as if fully stated herein.

**ANSWER:** MNN hereby incorporates its responses herein to the incorporated paragraphs of the Counterclaims and Third Party Claims.

23. Counterclaim and Third Party Plaintiff hereby alleges that the acts attributable to

the Counterclaim and Third Party Defendants and described herein constitute Illinois state common law unfair competition.

**ANSWER:** MNN denies the allegations set forth in paragraph 23 of the Counterclaims and Third Party Claims.

24. As a result of their actions as pleaded herein, Counterclaim and Third Party Defendants have misappropriated valuable property rights of STL, are trading on the goodwill symbolized by STL's authorized media products, are likely to cause and continue to cause confusion and to deceive members of the relevant public. By virtue of the aforementioned acts, Counterclaim and Third Party Defendants engaged in unfair competition with respect to STL in violation of the common law of unfair competition of the State of Illinois.

**ANSWER:** MNN denies the allegations set forth in paragraph 24 of the Counterclaims and Third Party Claims.

### Count III: Illinois Uniform Deceptive Trade Practices Act

25. Counterclaim and Third Party Plaintiff re-alleges paragraphs 1-24 as if fully stated herein.

**ANSWER:** MNN hereby incorporates its responses herein to the incorporated paragraphs of the Counterclaims and Third Party Claims.

26. Counterclaim and Third Party Plaintiff hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et. seq.

**ANSWER:** MNN is without sufficient information to either admit or deny the allegations of paragraph 26 of the Counterclaims and Third Party Claims, and therefore denies the same and demands strict proof thereof.

27.     Counterclaim and Third Party Defendants' aforesaid business and counterfeiting activities cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation or connection of Counterclaim and Third Party Defendants' counterfeit media products inasmuch as they give rise to the incorrect belief that Counterclaim and Third Party Defendants' counterfeit media products have some connection with STL and/or the Media Producers, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

**ANSWER:**    MNN denies the allegations set forth in paragraph 27 of the Counterclaims and Third Party Claims.

### Count IV: Illinois Consumer Fraud and Deceptive Trade Practices Act

28.     Counterclaim and Third Party Plaintiff re-alleges paragraphs 1-36 as if fully stated herein.

**ANSWER:**    MNN hereby incorporates its responses herein to the incorporated paragraphs of the Counterclaims and Third Party Claims.

29.     Counterclaim and Third Party Plaintiff hereby alleges violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 et. seq.

**ANSWER:**    MNN is without sufficient information to either admit or deny the allegations of paragraph 29 of the Counterclaims and Third Party Claims, and therefore denies the same and demands strict proof thereof.

30.     The aforesaid conduct by Counterclaim and Third Party Defendants implicates consumer protection concerns, including inter alia, by deceiving consumers and other members of the public, including people who might otherwise consider doing business with and making purchases of authentic products from STL.

**ANSWER:** MNN denies the allegations set forth in paragraph 30 of the Counterclaims and Third Party Claims.

31. Such deceptive conduct constitutes violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

**ANSWER:** MNN denies the allegations set forth in paragraph 31 of the Counterclaims and Third Party Claims.

32. Pursuant to 815 ILCS 505/10a and /10c, STL is entitled to recover its actual damages as well as costs and attorneys' fees.

**ANSWER:** MNN denies the allegations set forth in paragraph 32 of the Counterclaims and Third Party Claims.

33. The conduct of Counterclaim and Third Party Defendants complained of herein is outrageous and such acts, upon information and belief, were performed with malice, evil motive, or reckless indifference toward rights of STL, consumers, and others. As a direct result thereof, STL is entitled to an award of punitive damages pursuant to the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

**ANSWER:** MNN denies the allegations set forth in paragraph 33 of the Counterclaims and Third Party Claims.

34. Pursuant to 815 ILCS 510/3 STL is entitled to injunctive relief against Counterclaim and Third Party Defendants to enjoin present and future deceptive conduct, as well as for an award of STL's costs and attorneys' fees.

**ANSWER:** MNN denies the allegations set forth in paragraph 34 of the Counterclaims and Third Party Claims.

35. Counterclaim and Third Party Defendants' aforesaid business and counterfeiting activities cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation or connection of Counterclaim and Third Party Defendants' counterfeit media products inasmuch as they give rise to the incorrect belief that Counterclaim and Third Party Defendants' counterfeit media products have some connection with STL and/or the Media Producers, in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1.

**ANSWER:** MNN denies the allegations set forth in paragraph 35 of the Counterclaims and Third Party Claims.

### Affirmative and Other Defenses

MNN denies all allegations of alleged wrongdoing by them and further denies all allegations which otherwise have not been expressly admitted in this Answer. Additionally, MNN asserts the following affirmative defenses. MNN does not assume the burden of proof on theses defenses where substantive law provides otherwise.

1. Counterclaim and Third Party Plaintiff's counterclaims and third party claims fail to state a claim upon which relief may be granted.

2. Counterclaim and Third Party Plaintiff's counterclaims and third party claims are barred by the doctrine of unclean hands.

3. Counterclaim and Third Party Plaintiff's counterclaims and third party claims based upon State Law are barred by the doctrine of preemption.

4. Counterclaim and Third Party Plaintiff's counterclaims and third party claims are barred by the applicable statute of limitations.

5. Counterclaim and Third Party Plaintiff's counterclaims and third party claims fail because they do not possess the distribution rights as alleged in Paragraph 9.

WHEREFORE, MNN respectfully prays that judgment be entered in their favor and against Counterclaim and Third Party Plaintiff, and that they be awarded their costs of this suit, and such other relief as this Court deems just and proper.

DATED: August 15, 2008

COGGAN & TARLOW

By: David N. Tarlow
Attorney for Plaintiff ALEKSANDER POPARIC

### JURY DEMAND

MNN hereby demands a trial by jury on all issues which are so triable.

DATED: August 15, 2008

COGGAN & TARLOW

By: David N. Tarlow
Attorney for Plaintiff ALEKSANDER POPARIC

## CERTIFICATE OF SERVICE

David N. Tarlow, an attorney, certifies that on Friday, August 15, 2008, he caused the foregoing **ALEKSANDER POPARIC and MNN MEDIA, INC.'s ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS AND THIRD PARTY CLAIMS** to be sent to the U.S. District Courthouse for the Northern District of Illinois, to be manually filed, and to be served on the following persons by U.S. Mail, postage prepaid:

Vladimir I. Arezina
Patti, Hewitt & Arezina, LLC
One North LaSalle Street, Suite 4400
Chicago, Illinois 60602
Counsel for Srpska Tradicija, Ltd.

By:   David N. Tarlow
COGGAN & TARLOW
1925 Century Park East, Suite 2320
Los Angeles, CA 90067
Ph. (310)407-0922
Fax (310)407-0923
Email: dnt@cogganlaw.com