| | |
|---|---|
| ALEXSANDER POPARIC, individually, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 08 C 3491 |
| ) | |
| LINCOLN SQUARE VIDEO, NIHAD ) | |
| NEZIC, ANITA KOSTIC, DUSKO ) | |
| DUSKO VUKMIROVIC, BOSNA VIDEO, ) | |
| RASIM SILAHIC, DSD DELICATESSEN, ) | |
| INC., BELRADA; FLORODANKA ) | |
| KECMAN, V.A.M.D., INC., HARZCAK'S ) | |
| SAUSAGE, TASTE OF EUROPE, LLC, ) | |
| and DOES 1 through 20, inclusive, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Taste of Europe, LLC ("Taste") to dismiss Plaintiff Alexsander Poparic ("Poparic")'s complaint as to it pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and 12(b)(5) for insufficient service of process. For the following reasons, the motion is granted as to Rule 12(b)(2); the Rule 12(b)(5) motion is moot.

**BACKGROUND**

According to the allegations contained in the complaint, Taste owns and operates a store containing many of Poparic's copyrighted films. On January 10, 2008, Poparic claims that Taste sold one copy of Poparic's films to a third party without the authority to do so. Poparic asserts that his claim arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. because Taste illegally reproduced, sold, and displayed his copyrighted works.

Poparic filed suit against Taste and other defendants on June 18, 2008. Taste was not served until February 8, 2009, by mail. The instant motion seeks to dismiss the allegations against Taste pursuant to Fed. R. Civ. P. 12(b)(2) for lack of subject matter jurisdiction and 12(b)(5) for insufficient service of process.

**LEGAL STANDARDS**

**I. Motion to Dismiss for Lack of Personal Jurisdiction**

When faced with a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), a plaintiff bears the burden of making a prima facie showing that jurisdiction over the defendant is proper. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In considering the motion, the court accepts all well-pleaded allegations as true unless controverted by affidavits. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

Federal jurisdiction over this case is based on claims of copyright infringement. Since the Copyright Act does not provide for nationwide service of process, personal jurisdiction is based on the law of the forum state, Illinois. *See* Fed. R. Civ. P. 4; *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997). In Illinois, a court may exercise jurisdiction "only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990).

## II. Motion to Dismiss for Insufficient Service

Under Fed. R. Civ. P. 12(b)(5), a complaint may be dismissed for "insufficiency of service of process." Rule 4(h) prescribes the appropriate methods for service of process upon corporations, associations, and limited liability companies. Fed. R. Civ. P. 4(h). Rule 4(h)(1) allows for serving process on a corporation or limited liability company by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by law to receive service of process." If proper service is not made on a defendant within 120 days of the filing of the complaint, a court shall dismiss the complaint, without prejudice, or "shall extend the time for service for an appropriate period" if the plaintiff shows good cause for failing to effect proper service.

*Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 339 (7th Cir. 1997). Even if a plaintiff does not demonstrate good cause, a court may, in its discretion, allow the plaintiff a reasonable extension of time to effectuate service. *Henderson v. United States*, 517 U.S. 654, 662, 116 S. Ct. 1638 (1996).

With these principles in mind, we turn to the following motion.

## DISCUSSION

Disputing that the court has personal jurisdiction, Taste argues that Poparic's allegation that it engaged in "systematic and continuous contacts with the State of Illinois, thereby subjecting it to general jurisdiction here" is without merit. Poparic makes no argument that Taste has subjected itself to specific personal jurisdiction in Illinois in this case by engaging in any of the activities set forth in 735 ILCS 5/2-209(a).

Under Illinois law, if the corporation engages in continuous and systematic general business activity in Illinois, an Illinois court may exercise jurisdiction over it, i.e. general personal jurisdiction. *Kostal v. Pinkus Dermatopathology Lab., P.C.*, 827 N.E.2d 1031, 1035 (Ill. App. Ct. 2005). Taste contends that it has nowhere near the level of contact with Illinois that Illinois courts would have general personal jurisdiction over it. The "doing business" standard is quite high, but once it is satisfied, a corporation is considered a resident of Illinois on any cause of action,

regardless of whether the contact arose out of the corporation's contact with the state. *Id.* In support of this contention, Taste offers a sworn affidavit from Mladenovic, a member of the company, which states that Taste is an Indiana limited liability company located in Lake County, Indiana. It is a small, family owned ethnic specialty food shop that sells homemade sausages, breads, roasted peppers, cheeses, barbecued lamb and other foods catering to the local ethnic groups of the Northwest Indiana communities near Crown Point, Indiana. Mladenovic further asserts that Taste does not advertise in Illinois or conduct any type of business transactions that would require it anticipating being haled into court there. Taste buttresses Mladenovic's testimony with a business entity report from the Indiana Secretary of State that Taste is an Indiana limited liability company located in Crown Point, Indiana.

After a defendant has submitted affidavits or other evidence in support of its contention that the court lacks personal jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence that establishes the exercise of jurisdiction. *Purdue Research Found.*, 338 F.3d at 783. Facts contained in the defendant's affidavit will be considered true unless refuted by the plaintiff. *See Jamik, Days Inn of Mount Carmel*, 74 F. Supp. 2d 818, 821 (N.D. Ill. 1999). Poparic is the party asserting jurisdiction over Taste and has the burden to establish it.

However, Poparic does not offer any evidence to contradict Taste's contention against general jurisdiction; moreover, he does not assert whether the court has specific jurisdiction. Instead, he argues in response to Taste's motion that venue is proper in Illinois and the court should permit him the opportunity to conduct discovery on the issue of jurisdiction. Since Poparic's response fails to supply any countervailing evidence that jurisdiction is proper, Taste's motion to dismiss for lack of personal jurisdiction is granted. In light of that conclusion, Taste's Rule 12(b)(5) motion for insufficient service of process is moot.

## CONCLUSION

For the foregoing reasons, Taste's motion to dismiss it as a party pursuant to Fed. R. Civ. P. 12(b)(2) is granted; the motion to dismiss under Fed. R. Civ. P. 12(b)(5) is moot.

Charles P. Kocoras
United States District Judge

Dated:   June 25, 2009